UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GERALD FRANCES DAVIS, JR.,**
**Plaintiff**

**v.**                                                    **No. SA-19-CV-01338-JKP**

**GUILD MORTGAGE COMPANY, a**
**California Corporation,**
**Defendant**

## MEMORANDUM OPINION AND ORDER

On this date, the Court considered Defendant, Guild Mortgage Company's ("Guild Mortgage"), Motion to Dismiss for Failure to State a Claim. *ECF No. 3*. Plaintiff Gerald Frances Davis ("Davis") responded to the motion. *ECF No.* 4. Upon consideration, the Court concludes Guild Mortgage's motion to dismiss shall be GRANTED; however, Davis may file an amended complaint on or before May 25, 2020.

## STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Upon motion by a party, a complaint must be dismissed when the allegations asserted fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, to avoid

dismissal of a complaint under Rule 12(b)(6), a plaintiff must allege more than a sheer possibility that a defendant acted unlawfully. *Id*. The focus is not whether the plaintiff will ultimately prevail, but whether it should be permitted to present evidence to support adequately asserted claims. *Id*.; *Twombly*, 550 U.S. at 563 n.8. Accordingly, dismissal of a complaint under Rule 12(b)(6) is proper when the plaintiff fails to plead sufficient facts to support a cognizable legal theory or when the plaintiff fails to allege a cognizable legal theory. *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Tex.*, 260 F. Supp. 3d 738, 756 (S.D. Tex. 2017), *aff'd sub nom.*, 734 Fed. Appx. 916 (5th Cir. 2018); *Ross v. State of Texas*, Civ. A. No. H-10-2008, 2011 WL 5978029, at *8 (S.D. Tex. Nov. 29, 2011).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009); *Sonnier v. State Farm Mut. Auto. Ins. Co*., 509 F.3d 673, 675 (5th Cir. 2007).

## UNDERLYING FACTS

On November 4, 2019, Davis filed suit against Guild Mortgage in Texas state court by filing an *Original Petition, Request for Restraining Order and Application for Injunction* ("the Complaint"). *ECF No. 1, Attachment #4*. As required, the Court accepts the following facts as stated in the Complaint as true and views these facts in the light most favorable to Davis. *See Severance*, 566 F.3d at 501. Davis requested specified actual damages and sought temporary restraining order and injunctive relief enjoining foreclosure of certain real property scheduled for November 5, 2019. *ECF No. 1, Attachment #4*. The state court granted Davis's *ex parte* request for Temporary Restraining Order on November 4, 2019, and set a hearing on the application. *ECF No. 1, Attachment #5*. This cause was removed to this Court on November 14, 2019. *ECF No. 1*.

As stated in the Complaint, on September 29, 2016, Davis purchased specific residential real property by entering into a contractual loan agreement with Guild Mortgage. *ECF No. 1, Attachment #4*. Guild Mortgage subsequently set the property for foreclosure sale. *Id.* Davis alleges Guild Mortgage failed to comply with the terms of the Deed of Trust by refusing to tender a requested payoff amount to allow him to fully satisfy the debt alleged and by failing to allow Davis an opportunity to pay off the lien on property. *Id.* Davis asserts he filed suit to declare bankruptcy in an attempt to reconcile any arrearage due; however, Guild Mortgage did not cooperate nor provide accurate information which would enable Davis to pay off the subject lien and clear title to the property. *Id.* The bankruptcy was later dismissed. Davis asserts he is ready and willing to pay off the subject lien and clear the cloud to title presented by the pending foreclosure and lien. *Id.*

Davis seeks to require an accounting, to have the scheduled foreclosure enjoined pending an accurate accounting, and for any damages as a result of this failure to account. Davis seeks a declaration of his rights and duties under the subject loan agreement so he may comply with its terms. *Id.*

## DISCUSSION

In response to the motion to dismiss, Davis asserts he alleged in the Complaint a cause of action for breach of contract. *ECF No. 4.* Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir.2007).

Davis's Complaint does not specifically state the alleged cause of action as breach of contract; he states this only in his response to the Motion to Dismiss. *See ECF Nos. 1,4.* The Complaint merely asserts Guild Mortgage did not comply with the terms of the Deed of Trust by failing to provide a loan pay-off amount and by failing to allow him to pay off the loan. *See ECF No. 1.* While the Complaint alludes to and implies Guild Mortgage breached the loan agreement and Deed of Trust, none of the factual assertions are sufficient "to raise a right to relief above the speculative level." *See Twombly,* 550 U.S. at 555. Rather than plead facts pertinent to the elements of a breach-of-contract cause of action, Davis presents assertions that are conclusory and lack sufficient factual specificity. Because Davis failed to allege facts that would enable the court to draw the reasonable inference that Guild Mortgage breached the loan agreement, Guild Mortgage's motion to dismiss has merit.

**Opportunity to Amend**

Dismissal without prejudice is appropriate if a court concludes a plaintiff has not alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Lopez–Santiago v. Coconut Thai Grill,* No. 3:13–CV–4268–D, 2014 WL 840052, at \*5 (N.D. Tex. Mar. 4, 2014). Thus, despite a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Lopez–Santiago,* 2014 WL 840052, at \*5 (*quoting In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005)); *see also Harris v. Cenlar FSB*, 4:19-CV-00639-P, 2019 WL 5578572, at \*6 (N.D. Tex. Oct. 29, 2019). On the other hand, courts may appropriately dismiss an action with prejudice short of providing an opportunity

to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995)(application to *pro se* plaintiff).

Here, Davis did respond to Guild Mortgage's motion to dismiss, requested leave to amend the Complaint, and has not yet been afforded the opportunity to amend the Complaint. *See ECF No. 4*. For these reasons, although the Court concludes dismissal of Davis's cause is proper at this time, it also concludes this matter is appropriate to permit Davis to replead. *See In re Am. Airlines, Inc., Privacy Litig.,* 370 F.Supp.2d at 567–68. Given the opportunity, Davis might be able to allege a better case against Guild Mortgage, and therefore, should be afforded an opportunity to amend his complaint to allege sufficient facts to state a claim. *See Stokley v. Home Servicing, LLC*, 3:14-CV-3657-M, 2015 WL 12763512, at *6–9 (N.D. Tex. June 11, 2015), report and recommendation adopted, 3:14-CV-3657-M, 2015 WL 12763513 (N.D. Tex. Aug. 4, 2015).


**Request for Accounting**

An accounting is generally an equitable remedy rather than an independent cause of action. *Brock v. Federal Nat'l Mortg. Ass'n*, No. 4:11-CV-211-A, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012); *Southwest Livestock & Trucking Co. v. Dooley,* 884 S.W.2d 805, 809 (Tex. App.-San Antonio 1994, writ denied). "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n,* 79 S.W.3d 712, 717 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). "An equitable accounting is proper when the facts and accounts presented are so complex adequate relief may not be obtained at law." *Id.*

Because the Court dismisses Davis's underlying claim, his requests for any equitable relief of an accounting likewise fail. *See Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, at *4 (5th Cir. 2012); *Fisher v. Bank of Am., N.A.*, SA-12-CA-792-FB, 2013 WL 12116508, at *2 (W.D. Tex. Jan. 3, 2013).

**Request for Declaratory Judgement and Injunctive Relief**

A request for declaratory judgment is not considered an independent cause of action. *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018). Similarly, a request for injunctive relief is not considered an independent cause of action, but a remedy sought to redress the wrongs alleged in the underlying substantive claims. Under Texas law, a request for injunctive relief is not an independent cause of action but must arise from an underlying asserted cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see also Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

Because the Court concludes Davis failed to adequately state an underlying claim, his requests for any declaratory judgment and injunctive relief likewise fail.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Guild Mortgage's Motion to Dismiss (*ECF No. 3*)**.**  Accordingly, Davis's Complaint is DISMISSED without prejudice**.** Davis may file an amended complaint on or before May 25, 2020. If Davis files an amended complaint on or before this date, the action shall proceed on the amended complaint. If Davis fails to file an amended complaint on or before this date, this case shall be closed, with prejudice to any refiling.

IT IS SO ORDERED.
SIGNED this 7th day of May, 2020.

6

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE